IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| METROPOLITAN GENERAL <br> INSURANCE COMPANY <br> 700 Quaker Lane <br> Warwick, Rhode Island, 02887 <br><br> Plaintiff, <br><br> v. <br><br> THE HOME DEPOT, INC. <br> d/b/a INTERLINE BRANDS, INC., <br> 2455 Paces Ferry Road <br> Atlanta, GA 30339 <br><br> Defendant. | No.: 2:21-cv-950 |

## COMPLAINT

Plaintiff Metropolitan General Insurance Company, for its complaint against The Home Depot, Inc. d/b/a Interline Brands, Inc., states:

### JURISDICTION

1. The Subject Matter Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 as the plaintiffs and the defendants are citizens of different states, are diverse parties and the amount in controversy exceeds $75,000.00.

2. Venue is proper in the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district and a substantial part of the property that is the subject of this action is situated in this district.

1

## PARTIES

3. Plaintiff Metropolitan General Insurance Company ("Metlife") is a foreign corporation licensed to sell insurance in the state of Wisconsin, with its principal place of business located at 700 Quaker Lane, Warwick, RI 02886.

4. The Home Depot, Inc. d/b/a Interline Brands, Inc. ("Interline Brands") is a foreign corporation with its principal place of business located at 2455 Paces Ferry Road, Atlanta, GA 30339. Its registered agent for service of process is CSC of Cobb County, Inc., 192 Anderson Street S.E., Suite 125, Marietta, GA 30060.

## FACTS

5. Interline designed, engineered and manufactured a stainless steel braided toilet supply line (the "supply line"), under the brand DuroPro, that was installed at Mark Geisler's home located at 7819 S. 83rd street, Franklin, WI 53132.

6. On August 19, 2019, a defect in the supply line caused a flood event that resulted in substantial water damage to Mr. Geisler's residence. The damages caused by the water loss greatly exceed $75,000.00.

7. At the time of the water loss, Metlife had issued to Mr. Geisler, and there was in full force and effect, a policy of property insurance which insured Mr. Geisler against the damages caused by the water loss. As required by the policy, Metlife paid to, or on behalf of, Mr. Geisler for the damages caused by the fire less any applicable deductible, and is subrogated to the rights of Mr. Geisler to the extent of its payments.

## FIRST CAUSE OF ACTION: STRICT PRODUCT LIABILITY

8. All prior paragraphs are incorporated by reference.

9. Interline is in the business of selling, distributing and/or manufacturing water supply lines of the type that leaked at Mr. Geisler's residence.

10. The supply line was in a defective condition when it left the control of Interline.

11. The supply line leaked because it was defectively designed, engineered and/or manufactured by Interline or Interline sold and distributed the supply line after it was manufactured by a foreign entity that is not subject to service of process in the state of Wisconsin.

12. The supply line was unreasonably dangerous to Mr. Geisler's Residence.

13. Interline expected the supply line to, and it did, reach Mr. Geisler without substantial change in the condition in which it was sold.

14. The defective condition of the supply line caused the water loss and the resulting damage to Mr. Geisler's residence.

## SECOND CAUSE OF ACTION: NEGLIGENCE

15. All prior paragraphs are incorporated by reference.

16. Interline owed Mr. Geisler a duty to use reasonable care in the sale, distribution, design, engineering and/or manufacture of the supply line.

17. Interline breached its duty to Mr. Geisler when it sold, distributed, designed, engineered and/or manufactured the supply line.

18. Interline's breach of its duty to Mr. Geisler was a cause of the water loss and resulting damage to Mr. Geisler and Metlife.

## THIRD CAUSE OF ACTION: FAILURE TO WARN

19. All prior paragraphs are incorporated by reference.

20. Interline manufactured the subject water supply line and placed it into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the design of the product.

21. The subject supply line was defective because the coupling nut on the supply line was susceptible to cracking and failure over time due to defective design, material or manufacturing.

22. Interline knew or should have known the risk of failure from the use of the coupling nut on the supply line.

23. Interline's negligent failure to warn was a direct and proximate cause of Mr. Geisler's damages.

WHEREFORE, Metropolitan General Insurance Company demands judgment against The Home Depot, Inc. d/b/a Interline Brands, Inc. in an amount to be determined, plus prejudgment interest, all taxable costs, fees and disbursements and all other just and equitable relief.

Dated: 08/12/2021

Respectfully submitted,

**METROPOLITAN GENERAL INSURANCE COMPANY**

s/Teirney S. Christenson
Teirney S. Christenson (WI State Bar No. 1056438)
YOST & BAILL, LLP
2675 N Mayfair Rd., Suite 600
Milwaukee, WI 53226
T: (414) 203-2054
F: (414) 259-0610
tchristenson@yostbaill.com